# IN THE COURT OF APPEALS OF IOWA

No. 14-0990
Filed October 15, 2014

IN THE INTEREST OF S.B., M.N., AND S.N.,
Minor Children,

C.W., Father,
Appellant,

M.N., Mother,
Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

The mother and father separately appeal from the juvenile court's order terminating their parental rights to the child S.N. **AFFIRMED ON BOTH APPEALS.**

Michael Lanigan, Waterloo, for appellant father.

Theodore R. Stone, Cedar Falls, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Steven J. Halbach, Assistant County Attorney, for appellee State.

Timothy Baldwin of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

The mother and father each appeal from the juvenile court's order terminating their parental rights to the child S.N.[1]  "We review proceedings to terminate parental rights de novo."  *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

**I. Factual and Procedural Background**

After reviewing the record, we find the juvenile court's findings of fact to be a fair and accurate representation of the relevant circumstances involved in this case.  The particularly notable facts include the parents' transient nature and lack of consistent and stable housing, their persistent struggles with substance abuse, their failure to fully avail themselves of visitations and services, and both parents' mental and physical health concerns exacerbated by unhealthy lifestyle choices.

The mother reports she has been diagnosed with depression, anxiety, and bipolar disorder, and the father reports he has been diagnosed with depression and anxiety disorder.  Both parents have used drugs while caring for the child, and drug paraphernalia were found in their home, easily accessible to the child.  Substance abuse services have been offered to the parents but have been utilized sparingly and seemingly without result.  Both parents tested positive for marijuana as recently as April 16, 2014.  The mother tested positive for cocaine on March 7, 2014.  They have both at times denied using drugs contrary to the test results but sometimes admit to continuing substance abuse.  Both parents

---

[1] The termination order terminated the mother's parental rights as to her three children. On appeal, however, she does not present any argument to contest the termination order as to the other two children.  Indeed, she concedes she "may have deserted, abandoned, neglected or otherwise failed to adequately provide for [the two older children]."  The father was not the biological father of the other two children and had no parental rights relative to the two of them.  This appeal therefore in reality concerns only one of the three children captioned: S.N.

have also on occasion refused random drug testing despite previous agreements to submit to such testing.

Prior to the child's removal from the parents' care, her older siblings were often her caretakers when the mother and father would leave the children unattended. In late January 2013, the parents moved to Des Moines while leaving the older two siblings in Waterloo, at least one of whom had no place to stay and no supervisor until the mother later communicated some arrangements to her older child through Facebook.

On February 13, 2013, after the parents had arrived in Des Moines with the youngest child, S.N., she was removed from their care. She was temporarily placed in foster care in Des Moines. In April, she was moved to Waterloo to be with her older siblings. When the child was returned to Waterloo from Des Moines, the parents did not move back to Waterloo with her. At first they attended visitations semi-regularly, but throughout the last six months of 2013, they attended a total of only four visitations. Their attendance was poor in spite of the fact that DHS offered to pay for their gas and to meet the parents halfway between Waterloo and Des Moines.

In January 2014, the State petitioned the juvenile court to terminate the parents' rights in the child. The parents finally left Des Moines and returned to Waterloo. Visitation attendance has improved since that time, but substance abuse issues have not.

The juvenile court terminated both parents' rights to the child on May 30, 2014. The court found that termination was permitted on two bases: Iowa Code section 232.116(1) (2013), paragraphs (e) and (h).[2]

## II. Discussion

Both the mother and father of the child first contend that the juvenile court lacked clear and convincing evidence to support its termination order. The mother claims there was not clear and convincing evidence that "the parental rights of the mother should be terminated." The father claims there was not clear and convincing evidence showing he was "unable to care for the child."

Under the statutory bases the court utilized to terminate parental rights, the court needed clear and convincing evidence that "the parents have not

---

[2] These sections provide:

> [T]he court may order the termination of . . . parental rights with respect to a child . . . on any of the following grounds:
>
> e. The court finds that all of the following have occurred:
>  (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>  (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
>  (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. . . .
>
> h. The court finds that all of the following have occurred:
>  (1) The child is three years of age or younger.
>  (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>  (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months . . . .
>  (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code §§ 232.116(1)(e), (h). The court also relied on section 232.116(1)(f), but that section applies only to the termination of parental rights in the two older children, which is not at issue in this appeal.

maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so" or that "the child cannot be returned to the custody of the child's parents as provided in section 232.102." Iowa Code §§ 232.116(1)(e), (h).

First, there is clear and convincing evidence the parents have not maintained significant and meaningful contact with the child. Significant and meaningful contact is an affirmative duty that requires "a genuine effort to complete the responsibilities prescribed in the case permanency plan." Iowa Code § 232.116(1)(e)(3). The parents' continued substance abuse and occasional refusal to submit to drug screenings is uncontroverted and belies any genuine effort to adhere to their permanency plans. The parents' efforts to "maintain communication" and "a place of importance in the child's life" have been inconsistent and ineffective. *Id.* There is therefore clear and convincing evidence to satisfy the requirements of section 232.116(1)(e).

Second, there is clear and convincing evidence that the child cannot be returned to the parents' care without exposing her to "harm amounting to a new child in need of assistance adjudication" under section 232.102. *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). The parents' past usage of drugs while caring for the child taken along with their continued use of illicit substances suggests an imminent likelihood of harm resulting from the parents' "failure . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.2(6)(c)(2). Additionally, the parents' past willingness to abandon entirely the child's older

siblings further increases that likelihood. There is clear and convincing evidence that the requirements of section 121.116(1)(h) are satisfied.

Finally, the mother asserts termination of her parental rights is not in the child's best interest. It is true that "[t]he paramount concern in termination proceedings is the best interests of the child." *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011) (citing *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). However, the child cannot be returned to the parents' custody without exposure to adjudicatory harm. It is in her best interest to find a permanent custodial placement as soon as possible to establish some permanency and structure in her life during her formative years. The juvenile court did not err in finding termination in her best interest.

**AFFIRMED ON BOTH APPEALS.**